**Kanchhi Maya SHERPA a.k.a. Kanchi Maya, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–4331–ag.**

United States Court of Appeals, Second Circuit.

Sept. 23, 2010.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Tony West, Assistant Attorney General; Jennifer J. Keeney, Senior Litigation Counsel; Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Kanchhi Maya Sherpa, a native and citizen of Nepal, seeks review of a September 23, 2009, order of the BIA denying her third motion to reopen. *In re Kanchhi Maya Sherpa,* No. A098 228 768 (B.I.A. Sept. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitations if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, Sherpa's third motion to reopen was indisputably untimely and number-barred. The BIA did not abuse its discretion in finding that she failed to establish changed country conditions excusing her untimely filing.

Contrary to Sherpa's argument, the BIA properly relied on the immigration judge's underlying adverse credibility determination to reject her documentary evidence as insufficient to establish changed country conditions. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir.2007). Indeed, the BIA reasonably applied the doctrine *falsus in uno, falsus in omnibus,* in rejecting Sherpa's unauthenticated and unreliable affidavits. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007). Moreover, the record does not indicate that the BIA failed to consider any of the evidence Sherpa submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).